UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

```
---------------------------------x
Gladwin Wilson,                   :
              Petitioner          :
    -v-                           :
                                  :
Immigration and Naturalization    :
Service                           :
       Respondent                 :
---------------------------------x
```

1 : CV00-0723

FILED
SCRANTON   File # A41-928-716

APR 20 2000

PER _____ DEPUTY CLERK

FILED
SCRANTON

APR 20 2000

PER _____ DEPUTY CLERK

### PETITION TO REOPEN AND TO SCHEDULE HEARING ON PETITION's UNITED STATES NATURALIZATION PROCEEDING WITH COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

**NOW COMES,** Gladwin Wilson, petitioner and pro se, a person in the custody of the Immigration and Naturalization Service, hereby file this motion before this Honorable Court to Reopen and schedule a hearing on his United States Naturalization proceedings, claiming that the INS otherwise known as "Service" violated his due process right.

Petitioner states that he his a layman at law, therefore, he relies upon excusable error pro se, pleading this Court will hold this petition to less stringent standards that formal pleadings drafted lawyers pursuant to **Haines v. Kerner**, 404 U.S. 519 S.Ct. 954(1972), cited in **Hughs v. Rowe**, 449 U.S. 5, 101 S.Ct. 173, 176(1980).

Complaint for Declaratory Judgment because of the likelihood of the recurrence of Immigration and Naturalization Service long delay to schedule petitioner for the oath of Allegiance.

(1)

In the Anglo-American Judicial System, Court action is normally predicated upon past actions of two or more adverse parties. However, it is plain that many situations could arise in which two or more parties are uncertain of their legal relationship and desire a judicial determination of their respective rights and responsibilities prior to committing some act which might result in legal liability. In order to provide such a remedy, Congress passed the Declaratory Judgment Act, which provides in part:

> In a case of actual controversy within its jurisdiction any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relation of any interested party seeking declaration . . . See **28 U.S.C. § 2201 (1970)**. The federal law further authorizes federal courts to grant "necessary or proper relief based on a declaratory judgment . . ." See **28 U.S.C. § 2202 (1970)**.

## REVELANT FACTS OF THE CASE

On or about April 18th, 1988, petitioner entered the United States as a Legal Permanent Resident (LPR).

Petitioner is married with three (3) children all who are presently United States citizen .

Since 1993, petitioner owned and operated a business, an enterpreneaur, under the name King Solomon/Gladwin Export Company located in Brooklyn, New York. Subsequent to the above mentioned, petitioner worked in different other Companies to earn revenue to support his family when he first entered this country in 1988.

Petitioner was employed as a carpenter by various Construction Companies and was also a partner in a Company called Berema Construction Company located in Brooklyn, New York. However, on June 15th, 1996, petitioner filed for Naturalization to become a United States citizen after eight (8) years of continuous residency as a permanent resident.

Petitioner was schedule on calender on or about August 9th, 1996, for an interview on petitioner's Naturalization Application. **SEE EXHIBIT 'A".**

-2-

After the above said interview, conducted by one of the INS Official, petitioner states that he was informed that his United States Naturalization Application has been granted, and was further informed that he would be scheduled within (3) months to take the Oath of Allegiance after which petitioner would receive his Naturalization Certificate.

Petitioner state that there was no contact between the Office of the INS, Department of Naturalization to the petitioner as promised, up to date after the interview, despite thefact that petitioner repeatedly called the INS Office to inquire for the reason for the long silence over scheduling petitioner to take the Oath of Allegiance.

On or about April 7th, 1998, petitioner was convicted of Conspiracy to Utter and Possess Forged and Counterfeit Securities, a Class D Felony, which he pleaded guilty to Title 18 U.S.C. § 371, and was sentenced to one (1) year and one (1) day.

The INS has taken position to deport petitioner back to his native country as a non-citizen of the United States, claiming that petitioner did'nt complete his citizenship.

Petitioner is of the opinion that the INS erred when they placed him as a non-citizen of the United States in order to deport him, because the "Service" knowingly violated petitioner's due process rights by not scheduling petitioner within the time frame to take the Oath of Allegiance, thereby violating his Constitutional Due Process Right to the Fifth Amendment.

## ISSUE PRESENTED FOR REVIEW

Whether the INS knowingly violated petitioner due process right when the "Service" did not schedule petitioner to take the Oath of Allegiance after granting petitioner's Naturalization Application following the interview?

**Suggestive Answer** . . . . . . . In the positive.

## ARGUMENT

In the case at bar petitioner is of the opinion that the **INS** refuse to take into consideration any "Unforeseable Circumstance" that might accur any time in life and thereby violated petitioner due process right to the fifth Amendment when they knowingly, didn't schedule petitioner to take the oath of Allegiance, shortly after petitioner was interview and his Naturalization Application was granted.

Petitioner states that he is a"person" protected by the Fifth Amendment of the United States Constitution, and that all proceedures extended to others whom petitioner knows, should have been afforded to the petitioner without prejudice, as in the case at bar. The **INS** decided to threat some set of individual different by scheduling them to take the oath of Allegiance within two (2) weeks and three (3) weeks after Naturalization Application was granted, and at most schedule time within one (1) year, following the interview, and threat others as in the instant case differently, which the oath of Allegiance was not schedule. Two years after the interview petitioner violated title 18 U.S.C. § 371, which **INS**, is using as a reason to deport petitioner as a non-United States Citizen without considering the fact that their error (INS), contributed to petitioner's present position.

In reviewing the Immigration and Naturalization Service (INS) Act **section 11.11,** Naturalization under the 1990 Act.

> "person when the INS had recommended for Naturalization
> would experience waiting period of a year or more, how-
> ever, the present Act of 1990, created a new system of
> Administrative Naturalization, where an INS official not
> only perform the investigative and interview functions
> but also administer the oath of Allegiance to Citizen-
> ship.

INS, Department of Naturalization failed to extended the language of the 1990 Act to petitioner, and thereby violated petitioner's due process right.

-4-

## CONCLUSION

**WHEREFORE,** in light of the aforementioned, petitioner ask this Honorable Court to reopen and schedule a hearing on petitioner's United States Citizen-ship proceedings and to order INS to allow petitioner to take the Oath of Allegiance as a United States citizen.


Dated:  April 4/17, 2000.                    Respectfully Submitted,

                                             *Gladwin Wilson*
                                             Gladwin Wilson, pro-se
                                             Register No. 99-00345
                                             Snyder County Prison
                                             600 Old Colony Road
                                             Selinsgrove, PA. 17870-8610
                                             Unit B-

-5-

4/24 (2)
RM.

## Application for waiver of fee and costs

I, Gladwin Wilson, pro se, respondent and movant herein, atate that I am without funds and I am unable to pay for representation of an Attorney in this matter, nor can I provide any costs of fee connected with the filing and service of this motion.

I specifically show the Court I have no money or property in my prison account, nor any-where else that may, or can be converted to security or liquidated for payment of any of the fees, or costs associated with prosecution of this action.

I now move this Court for an order waiving all costs fees, and provisions of security therefore or in lieu thereof, in order that I may proceed with the instant action as garranteed by the **First, Fifth,** and **fourteenth Amendments of the Unites States Constitution.**

Respectfully Submitted

*Gladwin Wilson*

Gladwin Wilson

## Notary Public

Personally appeared before me **Gladwin Wilson** , and after affirming this to be his free act, and deed and to be the truth, did affix his signature hereto, this day  of April, 2000.

*Sylvia C. Brown*

Name of Notary Public

*Gladwin Wilson*

Gladwin Wilson

Notarial Seal
Sylvia C. Brown, Notary Public
Selinsgrove Boro, Snyder County
My Commission Expires Sept. 1, 2001
Member, Pennsylvania Association of Notaries

-6-

**U. S. Department of Justice**
Immigration and Naturalization Service

Notice of Naturalization Interview

Naturalization and Citizenship Branch

   26 FEDERAL PLAZA NEW YORK, NY 10278
   NEW YORK, NY  10278

| File or A # | Date |
|---|---|
| A41 928 716 | 7/25/1996 |

You are hereby notified to appear for an interview on your (your child's) application for naturalization at the DATE, TIME and PLACE, shown below.

Date    8/09/1996

Time    12:00 MD

Place   711 STEWART AVENUE
       GARDEN CITY, NY  11530
       ROOM NUMBER: 1 FLR

    — GLADWIN WILSON

     3126 DWIGHT AVE
     FAR ROCKAWAY    NY 11691

You MUST BRING the following with you:
- This letter.
- Alien Registration Card.
- Any evidence of Selective Service Registration.
- Any documents you have which you used in connection with any entries into the United States.
- Those items noted on the reverse side of this letter which are applicable to you.

EDWARD J. MCELROY
DISTRICT DIRECTOR

Form N-430A (Rev. 5/23/94) Y

**IMPORTANT — PLEASE SEE REVERSE**

EXHIBIT "A"

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been furnish to the following, by placing same in the United States mail, postage prepaid on this   day of April,2000.

United States District Court
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA 18501


Immigration and Naturalization Service
M. Francis Holmes
1600, Gallow Hill Street
Philadelphia, PA 19130

Respectfully Submitted

*Gladwin Wilson*

Gladwin Wilson
Regester # 9900345
Snyder County Prison
600, Colony Road
Selinsgrove PA 17870
Unit B-3