# JUDGE'S COPY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLADWIN WILSON,                         :
                                        : 1:CV-00-0723
            Petitioner,                 :
                                        : (Judge Caldwell)
       v.                               :
                                        :
IMMIGRATION AND NATURALIZATION          :
SERVICE,                                :           FILED
                                        :        HARRISBURG, PA
            Respondent                  :
                                        :         JUL 1 0 2000

## RESPONSE TO
## ORDER TO SHOW CAUSE

MARY E. D'ANDREA, CLERK
Per _____
                Deputy Clerk

### Introduction

Petitioner Gladwin Wilson is a native and citizen of Guyana

currently in the custody of the Immigration and Naturalization

Service (INS). He has filed a "Petition to Reopen and to

Schedule Hearing on Petition's [sic] United States Naturalization

Proceeding with Complaint for Declaratory Judgment Pursuant to 28

U.S.C. § 2201" (hereinafter "petition"). Through this petition,

Mr. Wilson does not explicitly seek release from detention;

rather, he seeks an order scheduling a hearing on his citizenship

proceedings and directing the INS to allow him to take the Oath

of Allegiance as a United States citizen. Petition, at 5.

However, the Court has construed the filing as a habeas corpus

petition under 28 U.S.C. §2241, and has issued an Order to Show

Cause.  Because the Court lacks jurisdiction to order the relief requested, the petition for habeas corpus should be denied.

### Statement of the Case

Petitioner filed his petition on April 20, 2000.  On June 19, 2000, the Court issued an Order to Show Cause requiring respondent to file a response within twenty days, or by July 10, 2000.  This response is filed on behalf of the INS in opposition to the petition.

Petitioner Gladwin Wilson was a party to an earlier joint petition for habeas corpus filed by six detainees on February 24, 2000.[1]  That petition is still pending before the Court.

In addition, on June 5, 2000, petitioner filed a Petition for Review in the United States Court of Appeals for the Third Circuit.  Exh. A.

Petitioner Gladwin Wilson is a native and citizen of Guyana who entered the United States in 1988.  Exh. B.  Mr. Wilson applied for naturalization, but never completed the process.  Petition at 2-3.  In 1998, Mr. Wilson was convicted in the United States District Court for the Eastern District of New York of conspiring to utter and possess forged and counterfeit securities.  He was sentenced to twelve months and one day incarceration.  Exh. C.  According to the Grand Jury Indictment,

---

[1]  See Jibril Koita, Gladwin Wilson, Omari Maher, Saleh Sharif, Celio De La Cruz and Anh Le v. Reno, 1:CV-00-0070 (M.D.Pa.) (Judge Caldwell).

2

the conduct for which Mr. Wilson was convicted occurred in June and July, 1995.  *Id.*  On April 5, 1999, he was placed in removal proceedings under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, on the grounds that he had been convicted of an aggravated felony.  Exh. D.  On October 15, 1999, Mr. Wilson was ordered deported to Guyana.  Exh. E.  Through his attorney (who is not representing him before this Court), he timely filed an appeal to the Board of Immigration Appeals.  Exh. F.  He is currently being detained at the Snyder County Prison.  Petition at 5.

### Question Presented

Whether petitioner is entitled to a hearing in his
naturalization proceeding or an order directing the INS to
allow him to take the oath of citizenship?

Suggested answer in the negative.

### Argument

Petitioner argues that the INS violated his due process rights by failing to schedule him to take the Oath of Allegiance to become a naturalized citizen, thereby leaving him subject to deportation for conviction of an aggravated felony.  Petitioner's argument fails both because his constitutional rights have not been violated and because the Court lacks the authority to make him a citizen.

Mr. Wilson claims that he was interviewed in connection with his application for naturalization in April, 1996.  He claims

3

that he was thereafter informed that his application had been granted, and that he would be scheduled to take the Oath of Allegiance within three months.  Petition, at 2-3.  He further claims that he was never scheduled to take the oath, despite his repeated calls to the INS office to inquire about the delay.  *Id.* Respondent would note that Mr. Wilson's naturalization interview occurred <u>after</u> the events for which he was later convicted and sentenced.  Thus, he is arguing that he had a constitutional right to be scheduled to take the Oath of Allegiance, and to become a citizen, during the time period after he had committed the crime and before he was convicted and sentenced.

As noted above, Mr. Wilson has filed with the Third Circuit a petition for review of the Board of Immigration Appeals' decision on his appeal.  The Immigration and Nationality Act provides that an alien's claim of nationality is to be heard on petition for review in the court of appeals.  8 U.S.C. § 1252(b)(5).  That section provides the exclusive forum for a claim of nationality.  8 U.S.C. § 1252(b)(5)(C).  This Court lacks jurisdiction to determine Mr. Wilson's claim of citizenship.  Although respondent does not concede that Mr. Wilson has stated a viable claim of entitlement to citizenship, to the extent that he wishes to assert such a claim he must assert it through his pending petition for review in the Court of

4

Appeals.[2]

Even if this Court had jurisdiction to review decisions on naturalization, Mr. Wilson could not possibly prevail.  The Oath of Allegiance is an unqualified requirement for naturalization. 8 U.S.C. § 1448;  U.S. v. Macintosh, 283 U.S. 605 (1931); In re Meghnot, 238 F.Supp. 479 (E.D.Mi. 1965).  The regulations relating to applications for naturalization are set forth in Subchapter 3 of Title 8, Code of Federal Regulations.  Applicants for naturalization are to be investigated and personally interviewed before decisions are made on their applications.  8 C.F.R. §§ 335.1 and 335.2.  The examining INS officer may grant the application at the conclusion of the interview.  8 C.F.R. § 335.3.  However, should the INS receive derogatory information concerning an applicant after the application has been granted but before the applicant has taken the Oath of Allegiance, the application may be reopened and, if appropriate, denied.  8 C.F.R. § 335.5.

The regulations provide a procedure for review of such a denial.  8 C.F.R. § 336.  Clearly, the statute and regulations, taken together, foreclose naturalization without the Oath of Allegiance.  In addition, they provide due process for applicants

---

[2] Section 1252(a) excludes criminal aliens from the judicial review available to other aliens with final orders of removal. To the extent Mr. Wilson can obtain review of the naturalization issue anywhere, however, section 1252(b) limits it to the Court of Appeals.

who are denied citizenship before taking the Oath of Allegiance. Mr. Wilson has no right to citizenship, and no claim to the relief he is seeking from this Court.

### Conclusion

For the foregoing reasons, respondent respectfully requests that this Court deny petitioner's petition for writ of habeas corpus.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney


MARY CATHERINE FRYE
Assistant U.S. Attorney
228 Walnut Street
Harrisburg, PA 17108
(717) 221-4482

Dated: July 10, 2000

JUL-06-2000  14:53        DOJ/OIL                           202 616 9777    P.03

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron          **FOR THE THIRD CIRCUIT**                Telephone
    Acting Clerk        21400 United States Courthouse          267-299-4921
                              601 Market Street
                        Philadelphia, PA 19106-1790   *RECEIVED*

                        pacer.ca3.uscourts.gov  2000 JUN -9 P 4: 57

                              June 6, 2000            OFFICE OF
                                               IMMIGRATION LITIGATION
                                                  CIVIL DIVISION

Frank B. Lindner, Esq.
Lindner & Lindner
205 Floral Vale Boulevard
Yardley, PA  19067

RE: Docket No. 00-1762
Wilson vs. Atty Gen USA
Agency No.  A41 928 716

Dear Counsel:

We have today docketed the above-captioned case, filed by Gladwin
Wilson, as No. 00-1762. This docket number must appear on all
documents related to this case which are submitted to this Court.

Receipt is acknowledged today of petition for review and docketing fee
in the amount of $100.00. A receipt, for the fee is enclosed.

Please note that the filing of this petition for review will not
automatically stay removal.  A separate motion for stay of removal must
be filed.  See 8 U.S.C. Section 1252(b)(3)(B). If you wish to file
a motion to stay deportation proceedings with this Court, you must
submit an original and three copies of the motion to the Clerk of the
Court; serve each of the opposing parties with a copy of the motion;
and submit a certificate of service.

**CAPTION:**  Attatched please find a copy of the full caption as
taken from the petition for review or application for enforcement.
Please review this attachment carefully and promptly advise this office
in writing of any discrepancies.

> **Please read the following carefully. Each of the following
> paragraphs identifies a responsibility that must be met
> immediately.**

Exhibit A 39-62-1425.03

JUL-06-2000  14:53          DOJ/OIL                          202 616 9777     P.02



**U.S. Department of Justice**

CCF:MRH:lta                            Telephone:   (202) 353-7743
CD-NEW

---

*Washington, D.C. 20530*


Honorable Marcia Waldron, Acting Clerk
United States Court of Appeals
     for the Third Circuit
U. S. Courthouse, Room 21400
601 Market Street
Philadelphia, PA  19106-1790

          Re:  Gladwin Wilson v. INS,
               No. 00-1762 (3rd Cir.); A41 928 716

Dear Ms. Waldron:

     We received the above-entitled Petition for Review in this
office on June 9, 2000.

     Enclosed is an appearance form executed by the undersigned
and Christopher C. Fuller, attorneys with this office.  Please
enter our appearances as counsel for respondent.  We have
provided appropriate notice to petitioner's counsel.


                              Sincerely,


                              MATTHEW R. HALL
                              Attorney
                              Office of Immigration Litigation
                              Civil Division
                              P.O. Box 878, Ben Franklin Station
                              Washington, D.C.  20044

     Enclosure

JUL-06-2000  14:53          DOJ/OIL                          202 616 9777    P.04

OOA  Lindner & Lindner          2155798576              P.02



**LINDNER & LINDNER** Attorneys-at-Law
205 Floral Vale Boulevard
Yardley, PA 19067
(215) 579-9800
(215) 579-8570 FAX
e-mail: lindner@voicenet.com

RECEIVED
6 2000
U.S.C.A. 3rd Cir.
Reply to:  Yardley address

Martin F. Lindner, Esquire
Frank B. Lindner, esquire
——————
Ibrahima Sanoge. Paralegal

Overseas Division
14. Pasoa Nagar Main Road
1st Floor
Nungambakkam
Madras – 34
India

Philadelphia Office
1500 Walnut Street
Suite #05
Philadelphia. PA 19102

Midwest Office
30101 Northwestern Hwy.
Suite 305
Farmington Hills, MI 48334

June 6. 2000


Honorable P. Douglas Sisk, Clerk
United States Court of Appeals
For the Third Circuit
U.S. Courthouse
Room 21400
601 Market Street
Philadelphia, PA 19106-1790

**RE:    GLADWIN WILSON VS. INS**
         **A41-928-716**

Dear Mr. Sisk:                              ΟΟ  1012

Enclosed please find Gladwin Wilson's Petition for Review.  A copy has been served
on Respondents as indicated in the Certificate of Service.

Sincerely;

FRANK B. LINDNER. ESQ.

FBL/el
Enclosure
Cc:    Gladwin Wilson

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT        )
                            )
GLADWIN WILSON              )                   C/A Dkt. No. 00
A41-928-716                 )
                            )
        Petitioner          )
                            )
        Vs.                 )
                            )
IMMIGRATION AND             )
NATURALIZATION SERVICE      )
                            )
        Respondent          )
                            )
                            )
                            )

Petitioner GLADWIN WILSON hereby petitions this Court for review of the decision of the Board of Immigration of Appeals dated 5-10-2000.

Dated: Yardley, Pennsylvania
        6-6-2000

                                   Respectfully submitted,



                                   FRANK B. LINDNER, ESQUIRE
                                   Attorney for Petitioner
                                   205 Floral Vale Boulevard
                                   Yardley, PA 19067
                                   Telephone: (215) 579-9800

JUL-06-2000  14:54       DOJ/OIL                              202 616 9777    P.06

_IA Lindner & Lindner             2155798570                    P.04

## CERTIFICATE OF SERVICE

I, Frank B. Lindner, Esq., hereby affirm that the following persons have been served the Petition

for Review by regular mail on June 6, 2000:


Office of the U.S. Attorney
615 Chesnut Street
8th Floor
Philadelphia, PA 19106


Janet Reno
Attorney General of the United States
10th Street
Constitution Avenue, Northwest
Washington, D.C. 20530


District Director
Immigration and Naturalization Service
1600 Callowhill Street
Philadelphia, PA 19130



FRANK B. LINDNER, ESQ.                          DATE: 6-6-00

U.S. Department of Justice
Immigration and Naturalization

Record of Deportable/Inadmissible Alien

| CONTROL Name (Last, First, Middle) INMATE# 47748-053 PRD 6/15/99 | | | | | | | Aliases |
|---|---|---|---|---|---|---|---|
| Gladwin | | WILSON | | | | | |

| Birthdate | Age | Marital Status | Widowed | File Number | Name of Last/Current U.S. Employer |
|---|---|---|---|---|---|
| 1/30/59 | 40 | ☐ Single ☐ Separated ☐ Married ☐ Divorced | | A41 928 716 | N/A |

| Sex | Hair | Eyes | Complexion | Height | Weight | Scars or Marks | Address of U.S. Employer |
|---|---|---|---|---|---|---|---|
| M | BLK | BRN | DARK | 510 | 215 | SC ABOVE L EYE | N/A |

| U.S. Address/Mail (Number) (Street) (City) (State) (ZIP CODE) | Type of Employment |
|---|---|
| LSCI ALLENWOOD, P.O. BOX 1500      WHITE DEER      PA      17887 | N/A |

| Alien's Telephone # | Date of Action | Location Code | Salary | From: | To: |
|---|---|---|---|---|---|
| (570) 547-1990 | 3/17/99 | ALW | N/A          hr. | N/A | N/A |

| City, Province (State) and Country of Birth | Country of Citizenship | Passport Number and Country of Issue |
|---|---|---|
| GEORGETOWN, GUYANA | GUYANA | 247904 GUYANA |

| Date, Place, Time, and Manner of Last Entry/Attempted Entry | Status at Entry | Length of Time Illegally in U.S. | Status When Found |
|---|---|---|---|
| 4/18/88      NEW YORK, NEW YORK      PLANE | P5-1 IMMIGRANT | NONE | INSTITUTION |

| Foreign Address/Residence (Number, Street, City, Province (State), Country) | Arrived From/Boarded At |
|---|---|
| GEORGETOWN, GUYANA | GUYANA |

| Method of Location/Apprehension | (At/Near) | Date & Hour | Apprehended by |
|---|---|---|---|
| 511.2.2 | ALW | 3/17/99 | MATTHEW A STERMAN / AGENT |

| Visa # | Date of Visa Iss./Loc. | Name on Social Security Card | Social Security No. |
|---|---|---|---|
| ☐ NIV ☑ IMM ☐ None | 3/8/88 GEORGETOWN | GLADWIN WILSON | 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 |

| Name, Address, and Nationality of Spouse (Maiden Name, if appropriate) | Number & Nationality of minor Children |
|---|---|
| ELLEN WILSON, LPR OF US, GUYANA | 3 GUYANA |

| Father's Name, and Nationality and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| OSCAR WILSON, GUYANA, GUYANA | JOHANNA WILSON, GUYANA, GUYANA |

| Monies Due/Property in U.S. Not in immediate possession | Record Checks Completed ☐ None ☐ Other (specify) | F.B.I. No. |
|---|---|---|
| ☑ None Claimed    ☐ See Form I-43 | ☐ CIS ☐ DACS ☑ NCIC ☐ NIIS ☐ OASIS ☐ STSC | 206953DB0 |

| Deportation Charge(s) |
|---|
| 237 (a) ( 2 )( A )( iii ); 237 (a) ( )( ) ; 237 (a) ( )( )( ) |

| Exclusion Ground(s) |
|---|
| 212 (a) ( )( , ) ; 212 (a) ( )( )( ) |

| Place a check on the appropriate box(es) if any of the following actions were completed: | | | | DACS Citation(s) |
|---|---|---|---|---|
| ☐ Doc Lifted      (No.) | ☑ Fingerprinted | ☑ Photographed | ☐ I-217 Executed | R2A3 |

| Special Programs ☐ OCDETF ☐ Grandfathered Alien | ☐ Sanctions ☐ SAVE | Fraudulent Documents ☐ Sanctions ☐ Other | Criminal Record: ☑ Yes ☐ No ☐ CA ☐ CO ☐ SR ☑ AF | Immigration Record: ☑ Yes ☐ No ☐ Prior Deport. ☐ Prior VR |
|---|---|---|---|---|

| Smuggled Alien ☐ Claimed ☐ Verified ☐ Land ☐ Water ☐ Aircraft | Assistance in Apprehension ☐ Sensors ☐ Observation Aircraft | ☐ K-9 Patrol ☐ Horse Patrol | ☐ All Terrain Vehicle ☐ Other Observation Device (specify) |
|---|---|---|---|

| Contraband: ☐ Narcotics ☐ Currency ☐ Weapons ☐ Other | Funds in Possession NONE | Alien Initial | Date | A list of free legal services has been provided: ☑ Yes ☐ No (formal proceedings were not instituted) |
|---|---|---|---|---|

| Alien has been advised of communication privileges pursuant to 8 CFR 242.2(g). | Initial | Date |
|---|---|---|

Narrative: Include details not shown above and whether or not eligible for special status program (e.g., TPS, etc.)

SUBJECT IS A CITIZEN AND NATIVE OF GUYANA. R's objected to this statement
SUBJECT ENTERED THE UNITED STATES AT NEW YORK, NEW YORK ON APRIL 18, 1988 AS AN IMMIGRANT.
SUBJECT APPLIED FOR NATURALIZATION BUT NEVER TOOK THE OATH. - R's objected to this stmt.
SUBJECT WAS CONVICTED IN THE EASTERN DISTRICT OF NEW YORK ON APRIL 7, 1998 FOR THE OFFENSE OF
COUNTERFEIT SECURITIES 18 USC 371.
SUBJECT HAS NO RECORD OF APPEAL OR PETITION PENDING WITH THIS SERVICE.
SUBJECT HAS NO RECORD OF UNITED STATES MILITARY SERVICE.
SUBJECT HAS NO RECORD OF FAMILY TIES IN THE UNITED STATES. - R's objected to this statement

Exhibit B

| | AGENT |
|---|---|
| ☐ Continued on attached continuation page | (Signature and Title) |

| DISTRIBUTION | Received (subject and documents) (report of interview) from |
|---|---|
| 2 TO FILE | Officer: MATTHEW A STERMAN / AGENT |
| | 3 / 17   19 99   at   2:00 PM |
| | Disposition   REQUEST NTA AND WA |
| | (Receiving Officer)   Bryan L Mill - SIA |

Form I-213 (Rev. 4/1/97)

U.S. Department of Justice

Immigration and Naturalization Service    **Additional Charges of Inadmissibility/Deportability**

In:    ☒ Removal proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the
Immigration and Nationality Act

**In the Matter of:**

Alien/Respondent.  WILSON, Gladwin

File No.: A41 928 716  Address:  York County Prison, 3400 Concord Road, York, PA 19533

There is lodged against you the additional charge that you are subject to being taken into custody and
deported or removed from the United States pursuant to the following provision(s) of law:

Section 101(a)(43)(R) of the Immigration and Nationality Act, as amended (the "Act"), is the basis for the
charge under section 237(a)(2)(A)(iii) contained on the Notice to Appear.

In support of the additional charges above there is submitted the following factual allegation(s) ☒ in
addition to  ☐ in lieu of the allegations set forth in the original charging document

5.    You were sentenced to more than one year for the conviction alleged at allegation No. 4 on the
Notice to Appear.

Dated:  7/13/99    _____

(Signature of Service Counsel)

Form I-261 (Rev. 4/1/97)N

Additional allegations (continued):

---

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Certificate of Service

This charging document was served on the respondent by me on _EST 7/15/99_ _____ in the following manner and in
                                                                (Date)

compliance with section 239(a)(1)(F) of the Act

☒ in person        ☐ by certified mail, return receipt requested        ☐ by regular mail
(to   6 ledwin Wilson @ Emm. Govt. Yark, PA
                                    (Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____                    _Ax't Dist. Counsel_
(Signature of respondent if personally served)              (Signature and title of officer)

Form I-261(Rev 4/1/97)N



**U.S. I artment of Justice**
Immigration and Naturalization
Service
Philadelphia District
*1600 Callowhill Street*
*Philadelphia, PA  19130*

June 29, 1999

United States District Court
United States Courthouse
ATTN:  Criminal Records
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Sir/Madam:

Would you kindly furnish this office with a certified copy of the indictment referencing the
following individual:

|              |                                                                       |
|--------------|-----------------------------------------------------------------------|
| NAME:        | Gladwin Wilson                                                        |
| DOB:         | 01/30/1959                                                           |
| DOCKET NO.:  | 97-CR-43                                                             |
| CHARGE:      | Conspiracy to utter and possess forged and counterfeit securities, a class D felony |

Please mail the document to the following address:

Department of Justice
U.S. Immigration & Naturalization Service
Office of District Counsel
ATTN:  Eileen Schaller
1600 Callowhill Street, 4th Floor
Philadelphia, PA 19130

If you need any further information, please contact me at (215) 656-7146.

Eileen Schaller
Paralegal Specialist

Exhibit C



EOC:BM
F.#9605144
GWILSON.IND



FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ED. N.Y.

★  JAN 15 1997  ★

P.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

GLADWIN WILSON, also known as
    "Baldwin Wilson" and "Gladstone
    "Wilson,"

                        Defendant.

I N D I C T M E N T

CR 97 0049

(T. 18/U.S.C., §§ 371 and
513(a), 2 and
3551 et seq.)

BLOCK, J.

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

GO, M.

In or about and between June 1995 and July 1995, both
dates being approximate and inclusive, within the Eastern
District of New Yo . . . . . . . . . . . . . . . . . . . WILSON,
also known as "Baldwin Wilson" and "Gladstone Wilson," and others
did knowingly and intentionally conspire to utter and possess
forged and counterfeited securities of an organization, to wit:
checks from the Lyndon Baines Johnson Health Clinic (the
"Clinic"), with the intent to deceive another person and
organization, in violation of Title 18, United States Code,
Section 513(a).

In furtherance of the conspiracy and to effect the
objectives thereof, within the Eastern District of New York and
elsewhere, the defendant GLADWIN WILSON, also known as "Baldwin
Wilson" and "Gladstone Wilson," and others did commit and cause
to be committed the following:

2

## OVERT ACTS

a.    In or about June 1995, GLADWIN WILSON, also known as "Baldwin Wilson" and "Gladstone Wilson," met with others in Brooklyn, New York and discussed how to obtain counterfeited Clinic checks.

b.    On or about July 18, 1995, the defendant GLADWIN , also known as "Baldwin Wilson" and "Gladstone Wilson," and others went to Key Bank in White Plains, New York, where they deposited counterfeited Clinic checks totaling approximately $117,000 and obtained four bank checks totaling $40,000.

c.    On or about July 18, 1995, the defendant GLADWIN WILSON, also known as "Baldwin Wilson" and "Gladstone Wilson," and others exchanged the four bank checks for $40,000 in cash.

d.    On or about July 18, 1995, the defendant GLADWIN WILSON, also known as "Baldwin Wilson" and "Gladstone Wilson," and others divided the $40,000 in cash.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

3

COUNT TWO

In or about and between June 1995 and July 1995, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GLADWIN WILSON, also known as "Baldwin Wilson" and "Gladstone Wilson," and others did knowingly and intentionally utter and possess forged and counterfeited securities of an organization, to wit: checks from the Lyndon Baines Johnson Health Clinic, with the intent to deceive another person and organization.

(Title 18, United States Code, Sections 513, 2 and 3551 et seq.)

A TRUE BILL

_Muriel Williams_
FOREPERSON


ZACHARY W. CARTER
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _Benton D. Underwood_
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.131

FTA

Miragliotti

Needs paperwork

V/s
5/15/98

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
UNITED STATES OF AMERICA

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

-v-

6/1/98

GLADWIN WILSON,
            Defendant.   um miragliotti
                          FTA
-----------------------------------x

CASE NUMBER: CR-97-43-01(FB)
GEORGE LEWIS, ESQ. 403-9675
14 METROTECH CENTER, SUITE 213
BROOKLYN, NY 11201    4/14/9
Defendant's Attorney & Address
                          L/m

XX  pleaded guilty to count ONE OF THE INDICTMENT.

        Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve
the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| TITLE 18 USC | THE DEFENDANT AND OTHERS CONSPIRED | 1 |
| SECTION 371 | TO UTTER AND POSSESS FORGED & COUNTERFEIT | |
| | SECURITIES. | |

The defendant is sentenced as provided in pages 2 through      of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

XX  Count TWO is dismissed on the motion of the United States.
XX  It is ordered that the defendant shall pay to the United States a special
     assessment of $50.00 which shall be due XX  immediately:

It is further ORDERED that the defendant shall notify the United States Attorney
for this district within 30 days of any change of residence or mailing address
until all fines, restitution, costs, and special assessments imposed by this
Judgment are fully paid.

Defendant's Soc. Sec #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

APRIL 3, 1998
Date of Imposition of Sentence

THE HONORABLE FREDERIC BLOCK

Defendant's Mailing Address:

April 7, 1998
Date

3126 DWIGHT AVENUE

FAR ROCKAWAY, NY 11691

A TRUE COPY ATTEST
Date: 4/7/98

ROBERT C. HEINEMANN
CLERK OF COURT

FEB 2  199

TIME A.M.
     P.M.

By:

MIKE J. INNELLI
DEPUTY CLERK

A TRUE COPY
ATTEST
DATED: JUL 02 1999
ROBERT C. HEINEMANN
                          CLERK
BY                        DEPUTY CLERK

Defendant: GLADWIN WILSON                    Judgment - Page      of
Case Number: CR-97-43-01(FB)

IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau
of Prisons to be imprisoned for a term of <u>TWELVE MONTHS (12) AND ONE DAY.</u>

XX_ The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE INCARCERATED IN THE NORTH EAST REGION

____ The defendant is remanded to the custody of the United States Marshal.
____ The defendant shall surrender to the United States Marshal for this
district,
        ____ at _____a.m./p.m. on _____.

XX_ The defendant shall surrender for service of sentence at the institution
designated by the Bureau of Prisons

        <u>XX</u>  before 2:00 p.m. on __5/15/98__ .
        <u>XX</u>  as notified by the United States Marshal.
        ___  as notified by the Probation Office.

RETURN

    I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _2-11-99_ to _ALF_ at
_FA_ , with a certified copy of this Judgment.

            United States Marshal

            By _____

Defendant: GLADWIN WILSON                    Judgment - Page    of
Case Number: CR-97-43-01(FB)

SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release
for a term of <u>THREE (3) YEARS WITH THE FOLLOWING SPECIAL CONDITION: THAT HE MAKE</u>
<u>RESTITUTION TO KEY BANK IN THE SUM OF $10,000.00 ACCORDING TO THE FOLLOWING</u>
<u>SCHEDULE; $3,000.00 BY THE END OF THE FIRST YEAR, $3,000.00 BY THE END OF THE</u>
<u>SECOND YEAR, AND $4,000.00 BY THE END OF THE THIRD YEAR.</u>

While on supervised release, the defendant shall not commit another Federal,
state, or local crime and shall comply with the standard conditions that have been
adopted by this court (set forth on the following page).  If this judgment imposes
a restitution obligation, it shall be a condition of supervised release that the
defendant pay any such restitution that remains unpaid at the commencement of the
term of supervised release.   The defendant shall comply with the following
additional conditions:

____ The defendant shall pay any fines that remain unpaid at the commencement
      of the term of supervised release.

Defendant: GLADWIN WILSON                    Judgment - Page   of
Case Number: CR-97-43-01(FB)

XX__ The court adopts the factual findings and guideline application in the presentence report.

                                    OR

____ The court adopts the factual findings and guideline application in the presentence report except  (see attachment, if necessary)

Guideline Range Determined by the Court:

         Total Offense Level:_____13_____

         Criminal History Category:____I_____

         Imprisonment Range:_12__to_18___months

         Supervised Release Range:_2___to_3____years

         Fine Range:$_2,000.00_____to $_20,000.00_____

              XX_  Fine is waived or is below the guideline range, because of
                   the defendant's inability to pay.

         Restitution:    $_ . . . _____

              ____ Full restitution is not ordered for the following reason(s):

XX_  The sentence is within the guideline range, that range does not exceed 24
     months, and the court finds no reason to depart from the sentence called for
     by application of the guidelines.

                                    OR

____ The sentence is within the guideline range, that range exceeds 24 months,
     and the sentence is imposed for the following reason(s):

____ The sentence departs from the guideline range

         ____ Upon motion of the government, as a result of defendant's substantial
              assistance.

         ____ for the following reason(s):

Defendant: GLADWIN WILSON                    Judgment - Page     of
Case Number: CR-97-43-01(FB)

## STANDARD CONDITIONS OF SUPERVISION

     While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

     These conditions are in addition to any other conditions imposed by this judgment.

JUL-07-1999  08:48    NS DISTRICT COUNSEL    615 656 1148  P.12/14
mmigration    n Service    Notice to Appear

In removal proceedings    240 of the Immigration and Nationality Act

File No: A41 928 716

In the Matter of:

Respondent:  Gladwin    WILSON    INMATE# 47748-053  PRD 6/15/99

LSCI ALLENWOOD, P.O. BOX 1500
WHITE DEER    PA    17887    (570) 547-1990
(Number, street, city, state and ZIP code)    (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
You are not a citizen or national of the United States;    A

You are a native of Guyana and a citizen of Guyana;    A

You were admitted to the United States at New York, New York on or about April 18, 1988 as an Immigrant;    A

You were, on April 7, 1998, convicted in the United States District Court at the Eastern District of New York for the offense of the    D
defendant and others conspired to utter and possess forged and counterfeit securities, in violation of Title 18, United States Code, Section
371.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following
provision(s) of law:
Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have
been convicted of an aggravated felony as defined in section 101(a)(43) of the Act.    D

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:  IMMIGRATION
COURT, 1600 CALLOWHILL STREET, ROOM 400, PHILADELPHIA, PA 19130
(Complete Address of Immigration Court, including Room Number, if any)
on _____ TO BE SET _____  at _____ TO BE SET _____  to show why you should not be removed from the United States based on the
(Date)    (Time)
charge(s) set forth above.

Acting    IHP DIRECTOR
(Signature and Title of Issuing Officer)

Date:  APR 05 1999    ALLENWOOD, PA
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)

JUL-07-1999  08:49          NO DISTRIC  COUNSEL          215 656 7148    P.13/14
reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____          Date: _____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____**APR 0 5 1989**_____ , in the following manner and in
                                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

[X] in person        [ ] by certified mail, return receipt requested        [ ] by regular mail

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the _____ENGLISH_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          MATTHEW STEPHSAN  AGENT

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:

_____

RESPONDENT

Case No.: A _____

Docket: _____

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _____

This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[X]  The respondent was ordered deported to _____

[ ]  Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____ .

[ ]  Respondent's application for voluntary departure was granted until _____ , with an alternate order of deportation to _____ or _____

[X]  Respondent's application for asylum was (  )granted (  )denied (  )withdrawn (X)other.

[X]  Respondent's application for withholding of deportation was (  )granted (X)denied (  )withdrawn (  )other.

[ ]  Respondent's application for suspension of deportation was (  )granted (  )denied (  )withdrawn (  )other.

[ ]  Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was (  )granted (  )denied (  )withdrawn (  )other.

[ ]  Respondent's application for _____ was (  )granted (  )denied (  )withdrawn (  )other.

[ ]  Proceedings were terminated.

[ ]  The application for adjustment of status under Section (216)(216A)(245)(249) was (  )granted (  )denied (  )withdrawn (  )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ]  Respondent's status was rescinded under Section 246.

[X]  Other _____

[ ]  Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_____
Immigration Judge

Date: _____

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 37
REV. - JUNE 93

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:                                    Case No.: A _41-928-76_

_WILSON, Gladwin_                          Docket: _York_

RESPONDENT                IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on ___10/15/99___

This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☒ The respondent was ordered deported to _Guyana_

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to_____ .

☐ Respondent's application for voluntary departure was granted until _____ , with an alternate order of deportation to _____ or _____

☒ Respondent's application for asylum was ( )granted ( )denied ( )withdrawn (X)other. _pretermitted_

☒ Respondent's application for withholding of deportation was ( )granted (X)denied ( )withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

☐ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☒ Other _CAT relief denied_

☐ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_due 11/15/99_

Immigration Judge

Date: _10/15/99_

Appeal: RESERVED/WAIVED ( A / I / B )

Form BOIR - 37
REV. - JUNE 93

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB #1105-006
**Notice of Appeal to the Board of Immigration
Appeals of Decision of Immigration Judge**

---

1. List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

   Gladwin Wilson                                    A41-928-716

   | For Official Use Only |

   **!** **WARNING TO ALL APPLICANT(S)/RESPONDENT(S)**: Names and
   • "A"Numbers of everyone appealing the order must be written in Item #1.

2. Applicant/Respondent is currently    [X] DETAINED    [ ] NOT DETAINED.

3. Appeal from the Immigration Judge's decision dated 10/15/99

4. **State in detail the reason(s) for this appeal You are not limited to the space provided below;
   use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

   **!** **WARNING :** The failure to specify the factual or legal basis for the appeal may lead to sum-
   • mary dismissal without further notice unless you give specific details in a timely , separate
   written brief or statement filed with the Board.

   I. The immigration judge misapplied the law when he found that the respondent did not meet the standard of the
   CAT when the court did not consider respondent's statement and evidence in the record.  See Attached

   II. The immigration judge made na error as to the facts when the court found the alien credible but failed to take
   into account his affidavit, and testimony together.  Specifically, the affidavit rebutted the conclusion of the Court
   that the alen was not affiliated with a political organization back in his home country.  See Attached

Staple Check or Money Order Here.
Include your name(s) and "A"number(s)

(Attach more sheets if necessary)

Exhibit F

(Form continues on back)
Form EOIR-26

5.  I  [X] do
       [ ] do not          desire oral argument before the Board of Immigration Appeals.

6.  I  [X] will
       [ ] will not        file a separate written brief or statement in addition to the "Reason(s) for Appeal" written above or accompanying this form.

**WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

**SIGN HERE →**   7.  X _____          November 11, 1999
                        Signature of Person Appealing                Date
                        (or attorney or representative)

8.                                                    9.
| Mailing Address of Applicant(s)/Respondent(s) | Mailing Address of Attorney or Representative |
|---|---|
| Gladwin Wilson | Frank  Billings  Lindner |
| (Name) | (Name) |
| C/O 205 floral Vale Blvd. | 205 Floral Valle Blvd. |
| (Street Address) | (Street Address) |
| (Apartment or Room Number) | (Suite or Room Number) |
| Yardley          PA          19067 | Yardley          PA          19067 |
| (City, State, Zip Code) | (City, State, Zip Code) |

**WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal unless he/she submits a completed Form EOIR-27.

---

### CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I  Frank Lindner _____          mailed or delivered a copy of this notice of appeal
        (Name)

on  11/12/99 _____          to   INS Trial Attorney _____
        (Date)                             (Opposing Party)

at  3400 Concord Rd. York PA 17402 _____
                    (Address of Opposing Party)

**SIGN HERE →**   X _____
                        Signature of Person Appealing
                        (or attorney or representative)

### Have You?

- [ ] Read all of the General Instructions
- [ ] Provided all of the requested information
- [ ] Completed this form in English
- [ ] Provided a certified English translation for all non-English attachments

- [ ] Signed the form
- [ ] Served a copy of this form and all attachments on the opposing party
- [ ] Completed and signed the Certificate of Service
- [ ] Attached the required fee or fee waiver request

## ATTACHMENT

The immigration judge made a finding that the alien's criminal activity was not particularly serious to bar him from withholding of deportation for torture of convention purposes. Therefore, the client was eligible for special withholding of deportation. The Court made a finding that the alien testified credibly. The Court made a finding that the alien based on his testimony did not establish a political connection sufficient enough to demonstrate a clear probability that the alien will be tortured back in his home country. He also went on to state that he did not even establish the standard necessary for withholding of deportation. The Court focused on testimony which was presented during the hearing, where the Respondent stated that he did not know the political affiliations of his business partner through the import/export business. The Court confused the facts that made the assumption that the contact person with the political organization in which the Respondent was involved with in New York City, and the business associate with his import/export business was the same person. This confusion led the Court to an improper conclusion that the Respondent did not know the political affiliation of his one and only contact in his home country, which allegedly imputed the political opinion upon him, that Respondent was a decedent. The objective facts of the record demonstrate that the Respondent faced some kind of persecution when he was in his home country. For whatever reason Respondent was traveling back to his home country yearly, however, at the exact point in time where Respondent states that he was arrested and confronted by the police on a trip back to his home country was, in fact, the last trip that Respondent took to his homeland. This coincides with the testimony where Respondent states that he left only days after arriving in his home country. Additionally, even though he established a pattern of returning back to his home country yearly, that pattern ceased after this incident.

The Respondent was involved with a political organization in New York, whose job was to support a political party back in his home country. The Respondent testified that he was accused of being a decedent, and this would be internally consistent with his claims. The Respondent testified that he worked as a recruiter attempting to bring people into the New York organization for the purposes of supporting his political party back in his home country. In the process of working as a recruiter, part of his duties was to have liaison communications with individuals back in the home country. These communications were uncovered by the government in the Respondent's home country, and when Respondent returned back home for a routine, yearly trip, he was confronted, arrested, and detained. Assuming that the Court found the Respondent credible, as it stated, and assuming that the Court made the mistake of facts as indicated above, then it would be the claim of the Respondent that the Court made an error as to the facts, which led to an improper conclusion of law. Additionally, the Court failed to consider the exculpatory evidence within the record, specifically the affidavit submitted by the Respondent. Further, the Court never stated its concerns directly to the Respondent, giving him an opportunity to clarify or explain his answers. Based on the foregoing facts, Respondent would ask that the Board of Immigration of Appeals to remand this case back to the immigration judge for further consideration.

LINDNER & LINDNER
ATTORNEYS AT LAW
205 FLORAL VALE BOULEVARD
YARDLEY, PA 19067

REMITTANCE ADVICE

60-259/319

15871

PAY One hundred and ten ─────────────── DOLLARS

CHECK
AMOUNT

| DATE | TO THE ORDER OF | HRS | GROSS | INC. TAX | SOC. SEC. | P.I.T. | MED. | LOCAL | | |
|------|-----------------|-----|-------|----------|-----------|--------|------|-------|---|---|
| 11-11-99 | U.S Department of Justice | | | | | | | | | $ 110.a |

DESCRIPTION

Appeal fee
Willie

PREMIER BANK    YARDLEY, PA

⑈015871⑈ ⑈031902591⑈ ⑈00 15883⑈

SECURITY FEATURES  MICRO PRINT BORDERS · COLORED BRICK PATTERN · WATERMARK & CARBON STRIP ON REVERSE SIDE  MISSING FEATURE INDICATES A COPY

NOTICE OF ENT   OF APPEARANCE AS ATTORNEY OP   PRESENTATIVE
BEFORE THE BOARD OF IMMIGRATION APPEALS
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

| In the Matter: | DATE Nov  11  1999 |
|---|---|
| Appeal | ALIEN NUMBER *(list lead alien number and all family member alien numbers if applicable)* |
| I hereby enter my appearance as attorney *(or representative)* for and at the request of the following named person(s): | A 41-928-716 A A |

NAME  Gladwin Wilson     (Detained)

ADDRESS     *(Apt. No.)*      *(Number & Street)*      *(City)*      *(State)*      *(Zip Code)*

Berks Detention Center  Berks County PA

Check if Applicable Item(s) below:

☒ 1.   I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
Supreme Court Of Pennsylvania                           and am not under a court
*(Name of Court)*
or administrative agency order suspending, enjoying disbarring, or otherwise restricting me in practicing law.

☐ 2.   I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3.   I am associated with_____, the
attorney of record who previously filed a notice of appearance in this case and my appearance is at his/her request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4.   Other *(Explain fully.)*

| SIGNATURE | COMPLETE ADDRESS ☐ Check here if this is a new address |
|---|---|
|  | 205 Floral Vale Blvd. Yardley, PA 19067 |
| NAME *(Type or print)* | TELEPHONE NUMBER |
| Frank Billings Lindner  Esq | 215-579-9800 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO REPRESENTATION BY AND THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY EOIR SYSTEM OF RECORDS:

Frank Billings Lindner

*(Name of Attorney or Representative)*

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| Gladwin Wilson |  |  |

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is or claims to be a citizen of the United States or an alien lawfully admitted for permanent residence.)*

FORM EOIR-27

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 10th day of July, 2000, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

        Gladwin Wilson
        Reg. No. 99-00345
        Snyder County Prison
        Unit B
        600 Old Colony Rd
        Selinsgrove, PA  17870-8610

KATHY ENDERS
Legal Secretary