UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Gladwin Wilson
    Petitioner
  v.
Immigration and Naturalization Service
    Respondent

CV: 00-0723
(Judge Caldwell)

FILED
HARRISBURG, PA

JUL 2 4 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

PETITIONER's REPLY TO RESPONDENT's
RESPONSE TO SHOW CAUSE

NOW COMES, Gladwin Wilson, pro se, hereby reply to Respondent's Response to show cause, which petitioner received on July 11, 2000.

This court has jurisdiction to rule on the merit of petitioner's motion filed before this Honorable Court on **April 20, 2000**, pursuant to title **28 USC 2241**, contrary to the Respondents Response as stated in (Respondents on page 2 ) ), Quote, "Because the Court lack juisdiction to order the relief requested, the petitioner for corpus should be denied" Unquote.

One of the requirments of Section 2241 of title 28 is that the petitioner be in "Custody". Title 28 USC 2241 Reads in relevant parts, that

> " [T]he writ of habeas corpus shall not extend to prisoner unless... [h]is in custody in violation of the Constitution or laws or treaties of the United States ... See Section 28 USC 2241

This law is clear that these facts are sufficient to satisfy the "Custody" requirements for purpose of habeas review.

STATEMENT OF THE CASE

Petitioner Gladwin Wilson, entered the United States as a permanent Resident on April 18, 1988. He is married to a United States Citizen with three (3) children who are presently United States citize

On or about April 7, 1998, petitioner was convicted of conspiracy

to Utter and Prosses Forge and Counterfiet Securities a Class D felony, which he pleaded guilty to title 18 U.S.C. Section 371, and was sentenced to one (1) year and one (1) day.

On April 20, 2000, petitioner, filed a motion before this Honorable Court requesting that the court reopen and schedule a hearing on petitioners citizenship proceedings and also to order the Immigration and Naturalization Service to allow petitioner to take the oath of allegiance, which petitioner was qualified.

Pursuant to this court order of June 19, 2000, for respondent to show cause, requiring respondent to file a response within twenty (20) days, respondent, which is the INS in the instant case didn't file a response to the issue present by the petitioner, rather, the Assistant U.S attorney, Mary Cathrine Frye, filed the Response (Responde on page 2       ) on behalf of the INS.

## ISSUES/ARGUMENT IN REPLY TO
## RESPONDENTS RESPONSE TO SHOW CAUSE

In Respondents Response, ( Assistance United States Attorney) on behalf of INS, it stated that

    (a) Petitioners argument in his motion filed before this Honorable Court on April 20, 2000, fails both in its entirety as to violates petitioners Constitutional due process right. See Respondent Response on page 3of3

    (b) that this court lacks the authority to make petitioner a citizen. See Respondent Response on page 3 of 3.

    (c) That petitioners Naturalization interview occurred <u>after</u> the events for which petitioner was later convicted and sentenced. See Respondent Response on page 4

    (d) That Immigration and Naturalization Act provides that an Alien's claim of nationality is be heard on petition for review in the court of appeals 8 U.S.C. Section 1252 (b)(5). (Respondent Response on page 4

    (e) That the oath of Allegiance is an unqualified requirement for Naturalization. See Respondents Response Exhibit at 5.

    (f) That the applicants for Naturalization are to be investigated and personally interviewed before decisions are made

on their applications 8 C.F.R Section 335.1 and 335.2 See Responder Response at 5

## ARGUMENT

A, Responding to the Constitutional due process violations as it applies to the petitioner's claim, the Assistant United States Attorn on behalf of INS didn't state any fact, or cite any existing case law to substantiate its argument, that petitioner claim of Constitutional due process right was not violated, when petitioner was not scheduled by the INS to take the oath of allegience after interview on August 9, 1996 and was granted on October 8, 1996.

The due process clause of the Fifth Amendment to the United States Constitution provides that.... "No person should be deprived of life Liberty or property with out due process of law". The Fifth Amendment speaks of person; it does not speak of citizens, its does not speak o residents, it speaks of persons. All are entitled to fundamental procedural law process, which was denied petitioner when the INS regl to schedule him to take the oath of allegiance which could have made him a United States Citizen, thereby given him Liberty as every othe citizen of the United States.

B, Petitioner on his motion before this Honorable Court did not claim that this court make him a citizen, as responded by the respond at 3, but rather, petitioner requested before this Honorable Court to order the immigration and naturalization Service to allow petition to take the oath of allegiance..

Petitioner contends, that it is only in such a hearing that this Honorable Court would be able to assertan the truthfullness in petitioner claim.

C, Respondent stated at Id at 4, that the event which petitioner was convicted and sentenced proceeded before the interview for naturalization was scheduled on August 9, 1996, however, there was no criminal record on file against petitioner, which would have automatically disquilified him during filing and investigation of his application according to 8 U.S.C. Section 335.1 which states that....

> "Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant. the investigation shall consist, at a minimum, of a review of all

-3-

>pertinent records, police department checks,
>and a neighborhood investigation in the vicinities
>where the applicant has resided and has been employed,
>or engaged in business, for at least five years immediately
>preceding the filing of application. The district director
>may waive the neighborhood investigation of the applicant
>provided for in this paragraph.
>**[56 FR 50497, Oct.7,1991; 60 FR 6650, Feb. 3,1995]**

D, Although the immigration and naturalization Act provides that an alien's claim of nationality be heard on review in the court of appeals under **8 U.S.C.** Section **1252 (b)(5)** as respondent stated in its response, Id at 4, This statute points directly only to those aliens whose naturalization was denied.

This is not the case in the instant case, petitioner application was not denied but rather was approved and scheduled for interview on August 9,1996, and granted on October 8,1996. On May 12, 2000, petitioner received a "NOTICE of ACTION" from the U.S Department of Justice Immigration and Naturalization, Stated that petitioner fingerprint card (FD-258) on file with the Immigration and Naturalization Service (INS) has expired, and was schedule for June 8,2000, for fingerprints. See section 4 of notice of Action, Stated if application has already been granted, petitioner should disregard notice. See attachment"

More than that, such a petitioner like any other suitor, is entitled to a fair hearing in the maner and according with the procedure which Congress has prescribed.

Respondent futher agreed in its response at Id at 4, stating that petitioner has a viable claim of entitlement of citizenship, supporting petitioner claims on his application filed before this Court on April 20,2000.

While a review in a matter of factly could be Conducted in the Court of appeal when an applicants application is denied, petitioner will be in error to file for review in the Court of appeal Since his application was not denied, therefore petitioner states that there is no factual bases in respondent allegation.

E, Petitioner disagree with Respondents Response Id at 5, in that the oath of allegiance is a compulsory qualification for Naturalization application proceeding before receiving the actual Certificate of

citizenships.

Pursuant to **8 U.S.C. Section 335.3** it states that

" An applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be follow for the administration of the oath of allegiance pursuant to part 337.

F, Petitioner is of the opinion that he was investigated when he filed his application on June 18,1996, in accordance to **8 C.F.R. Sec. 335.1 and 335.2** before the INS Officer approval of petitioner applicat

Section **335.2** entitled examination of application states in part... That Subsequent to the filing of an application for naturalization, each applicant shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization.

Petitioner also asserts that Respondents response Id at 5 Which states that "Even if this Court had jurisdiction to review decisions on naturalization that petitioner could not possibly prevail"....

Prejudiced petitioner. This statement is not made in good faith in that the Assistant United States Attorney acting on behalf of INS is taking position as both the prosecutional and adjudicutory function.

**CONCLUSION**

Wherefore in liue of the forgoing reply to the Respondents Response, petitioner ask this honorable court to Dismis Respondents motion before this Court to deny petitioner's writ of habeas corpus and grant petitioner a hearing on his claim, that the INS violated his Constituti due process right when petitioner was not scheduled to take the oath of allegiance.

Petitioner is further asking this Court to grant the stay of Deportation Pusaunt to **8 C.F.R. § 243.3 (a)(4)** until this motion has been resolve.

In addition, petitioner states that no prior motion with a stay of Deportation have been applied for.

Respectfully Submitted

*[signature: Edwin Wilson]*

## **CERTIFICATE OF SERVICES**

I, Gladwin Wilson hereby certify that this same document has been mail ed prepaid to

       (1) Mary Cathrine Frye
           Assistant U.S attorney
           228 Walnut Street
           Harrisburg, PA 17108

On this 21st day of July 2000.

                                    Gladwin Wilson
                                    Register # 9900345
                                    Snyder County Prison
                                    600, Old Colony Road
                                    Selinsgrove, PA, 17870

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice of Action

## THE UNITED STATES OF AMERICA

| | |
|---|---|
| Fingerprint Notification | **NOTICE DATE** May 09, 2000 |
| **CASE TYPE** N400 Application For Naturalization | **INS A#** A 041 928 716 |
| **APPLICATION NUMBER** FPS*001292085 | **RECEIVED DATE** June 18, 1996 | **PRIORITY DATE** June 18, 1996 | **PAGE** 1 of 1 |

**APPLICANT NAME AND MAILING ADDRESS**
GLADWIN M WILSON
3126 DWIGHT AVE
FAR ROCKAWAY NY 11691



Your fingerprint card (FD-258) on file with the Immigration & Naturalization Service (INS) has expired. In order for the INS to continue processing your application, it will be necessary to have your fingerprints re-taken. This will be completed at no additional expense to you. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below.

| **APPLICATION SUPPORT CENTER** | **DATE AND TIME OF APPOINTMENT** |
|---|---|
| INS QUEENS/JAMAICA<br>162-24 JAMAICA AVE.<br>CORNER OF GUY R BREWER BLVD<br>JAMAICA NY 11432 | 06/08/2000<br>12:00 PM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF:**
1. YOU HAVE BEEN FINGERPRINTED WITHIN THE LAST 90 DAYS,
2. YOUR APPLICATION HAS ALREADY BEEN GRANTED, OR
3. YOU WERE UNDER 14 YEARS OF AGE OR OVER 79 (75 FOR NATURALIZATION APPLICANTS) AT THE TIME YOUR APPLICATION WAS FILED.

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:  ☐ Wednesday afternoon  ☐ Saturday afternoon.

INS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

INS QUEENS/JAMAICA
162-24 JAMAICA AVE.
CORNER OF GUY R BREWER BLVD
JAMAICA NY 11432

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

| **APPLICATION NUMBER** | |
|---|---|
| FPS*001292085 |  |

### WARNING!

*Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

- Please save this notice for your records. Please enclose a copy if you have to write us or a U.S. Consulate about this case, or if you file another application based on this decision.
- You will be notified separately about any other applications or petitions you have filed.

## Additional Information

### GENERAL.

The filing of an application or petition does not in itself allow a person to enter the United States and does not confer any other right or benefit.

### INQUIRIES.

You should contact the office listed on the reverse of this notice if you have questions about the notice, or questions about the status of your application or petition. *We recommend you call.* However, if you write us, please enclose a copy of this notice with your letter.

### APPROVAL OF NONIMMIGRANT PETITION.

Approval of a nonimmigrant petition means that the person for whom it was filed has been found eligible for the requested classification. If this notice indicated we are notifying a U. S. Consulate about the approval for the purpose of visa issuance, and you or the person you filed for have questions about visa issuance, please contact the appropriate U. S. Consulate directly.

### APPROVAL OF AN IMMIGRANT PETITION.

Approval of an immigrant petition does not convey any right or status. The approved petition simply establishes a basis upon which the person you filed for can apply for an immigrant or fiance(e) visa or for adjustment of status.

A person is not guaranteed issuance of a visa or a grant of adjustment simply because this petition is approved. Those processes look at additional criteria.

If this notice indicates we have approved the immigrant petition you filed, and have forwarded it to the Department of State Immigrant Visa Processing Center, that office will contact the person you filed the petition for directly with information about visa issuance.

In addition to the information on the reverse of this notice, the instructions for the petition you filed provide additional information about processing after approval of the petition.

For more information about whether a person who is already in the U. S. can apply for adjustment of status, please see Form I-485, *Application to Register Permanent Residence or Adjust Status.*