IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLADWIN WILSON, | : | |
|     Petitioner | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 1:CV-00-0723 |
| | : | |
| IMMIGRATION AND NATURALIZATION SERVICE, | : | |
|     Respondent | : | |

M E M O R A N D U M

I.   Introduction.

The Immigration and Naturalization Service (INS) is detaining the Petitioner, Gladwin Wilson, under a final order of removal, entered in 1999, as an alien who has been convicted of an aggravated felony.

Wilson filed this pro se action for declaratory relief pursuant to 28 U.S.C. § 2201, styled as a petition to reopen his naturalization proceedings. Asserting that the INS granted an application for naturalization he filed in 1996, he requests that we hold a hearing on the application and then order the INS to allow him to take the oath of allegiance, the final step in becoming a United States citizen.[1] Wilson complains that the INS

---

[1] The Petitioner calls this a declaratory-judgment action, and we initially categorized it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, it is really an action under the Administrative Procedure Act. 5 U.S.C. §§ 551-559 and 5 U.S.C. §§ 701-706. For the sake of convenience,

violated due process by not timely swearing him in as a citizen three years before the removal proceedings commenced, thereby improperly clearing the way for those proceedings.

The Petitioner's claim has no merit and we will enter judgment in favor of the Respondent.

II. Background.

Gladwin Wilson is a native of Guyana who entered the United States in 1988 and became a permanent resident alien. He married an American citizen and had three children.

In his petition, he alleges that in June 1996 he filed an application for naturalization and that after an interview in August 1996 with an INS agent, the agent told him his application was granted and that he would be scheduled to take the oath of allegiance within three months. However, Wilson never heard back from the INS, despite his repeated calls to inquire about the delay.

In January 1997, about four months after the alleged interview, Wilson was named in a two-count indictment in the United States District Court for the Eastern District of New York for conspiracy to utter and possess forged and counterfeit bank checks in violation of 18 U.S.C. §§ 371 and 3551 et seq. and for the substantive crime of passing forged checks. (Doc. 8,

---

we retain the use of "Petitioner" and "Respondent" when referring to the parties.

2

response, Exhibit C). The indictment alleged that the time frame of the offenses was from June through July of 1995, about one year before Wilson's application for naturalization. After Wilson pled guilty to the conspiracy count, the substantive count was dismissed. In April 1998, he was sentenced to twelve months and one day incarceration. Id.

In April 1999, the INS sent Wilson a notice to appear, informing him of its intent to remove him from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) on the ground that he had been convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B). In July 1999, the notice to appear was amended to include the charge that his conviction made him deportable under 8 U.S.C. § 1101(a)(43)(R) and (U). In October 1999, an immigration judge ordered that Wilson be deported to Guyana. The Petitioner filed a timely appeal from the order of removal to the Board of Immigration Appeals. That appeal was dismissed on May 5, 2000. See Koita v. Reno, No. 1:CV-00-70 (M.D. Pa.)(doc. 16 at p. 2). On August 22, 2000, the Third Circuit dismissed Wilson's petition for review for lack of jurisdiction. See Wilson v. Attorney General, No. 00-1762 (3d Cir.). He is being detained at the Snyder County Prison while the INS attempts to deport him to Guyana.

In the meantime, Wilson received a notice from the INS, dated May 9, 2000, requesting that he appear in Jamaica, New York, to have his fingerprints re-taken because the fingerprint card on

3

file had expired. The notice informed Wilson that the request was being made in connection with the processing of his application for naturalization and that he may disregard the notice if, in part, he had been fingerprinted within the last ninety days or if his application had been granted.

The Attorney General has the sole authority to naturalize aliens, 8 U.S.C. § 1421(a), although administering the oath of allegiance may be done either by the INS or a district court. Id. at § 1421(b). The Attorney General performs his obligation to review naturalization requests through the INS which has established regulations for handling applications for naturalization. After the application has been made, 8 C.F.R. § 334.1 (2000), a background check is conducted, id. at § 335.1, and then a personal interview, id. at § 335.2, at which the INS officer may indicate that the application has been granted. Id. at § 335.3(a).

If the application has been denied, the alien can seek review of the denial, 8 C.F.R. §§ 336.1-336.9, first, before an immigration officer, section 336.2, and then, in accord with 8 U.S.C. § 1421(c), in the district court. 8 C.F.R. § 336.9.

If the application has been granted, the INS shall notify the alien of the procedures to be followed for taking the oath of allegiance. 8 C.F.R. § 335.3(a). However, if the INS receives derogatory information about an alien after an application has been granted, and who has not yet taken the oath

of allegiance, the INS can reopen the application, id. at § 335.5, and in doing so, "remove the applicant's name from any list of granted applications or of applicants scheduled for administration of the oath of allegiance, until such time as the matter can be resolved." Id.

As section 335 indicates, the oath of allegiance is an essential part of the naturalization process. As 8 U.S.C. § 1448(a) provides, in pertinent part: "A person who has applied for naturalization, shall, in order to be and before being admitted to citizenship, take in a public ceremony . . . an oath (1) to support the Constitution of the United States . . . ."

III. Discussion.

As noted, in filing his petition, Wilson invoked the Declaratory Judgment Act, 28 U.S.C. § 2201, in seeking an order that the INS administer him the oath of allegiance. The Petitioner reasons that the INS, having granted his naturalization application, must allow him to take the oath, and that its delay in doing so has violated due process because if the agency had made him a citizen in due course, he would not have been subject to removal proceedings.

In opposition, the INS argues that we lack jurisdiction to entertain this matter. Characterizing the Petitioner's case as one that seeks to adjudicate a claim that he is, in fact, a citizen, the agency argues that a "claim of nationality" can only

5

be heard in a petition for review in the Third Circuit under 8 U.S.C. § 1252(b)(5)(C).

The INS also argues that, in any event, the claim has no merit. It points out that regulatory section 335.5 authorizes the agency to revoke the grant of a naturalization application if it subsequently receives derogatory information and that it need not administer the oath until the matter is resolved. Further, the regulations provide a procedure for the alien to follow if his application has been denied. Thus, we cannot grant relief for two reasons. First, without having taken the oath, the Petitioner is not, and cannot be made, a citizen. Second, the regulations provide due process for a denial of a naturalization application.

In reply, the Petitioner asserts that the INS is misrepresenting his claim. He is not requesting that the court naturalize him; he is seeking an order that the INS administer the oath of allegiance after having granted his application for naturalization at a time when nothing would have disqualified him since he was not yet under indictment in the Eastern District of New York. Additionally, the regulations the INS relies on to support its rejection of his due process claim deal with denials of naturalization applications. The Petitioner's application was not denied; it was granted. As support for this position, Wilson points to the INS request, in May 2000, that he submit a new set of fingerprints in connection with the processing of his naturalization application. For the same reason, he would not be

6

able to invoke 8 U.S.C. § 1252(b)(5)(C) since he would not be petitioning the Third Circuit from denial of the application.

In resolving this case, we have not been assisted by an agency attempt to clarify the record. We do not know whether the agency agrees with Wilson that his application was granted, at least initially, or whether it was denied, or whether nothing has happened with it yet (as the fingerprint request might indicate). Nonetheless, assuming the Petitioner's version is correct, we do have jurisdiction to adjudicate his claim, but we must find against him.

To begin with, this case should be considered as arising under the Administrative Procedure Act (APA). See 5 U.S.C. §§ 551-559 and 5 U.S.C. §§ 701-706. The APA requires an agency "within a reasonable time . . . to conclude a matter presented to it," 5 U.S.C. § 555(b), authorizes a person "aggrieved by agency action" to seek judicial review, 5 U.S.C. § 702, and confers authority on the district court "to compel agency action unlawfully withheld or unreasonably delayed . . ." 5 U.S.C. § 706(1). Taken together, these provisions allow a person to seek judicial relief ordering an agency, the INS included, to perform a nondiscretionary act. See Yue Yu v. Brown, 36 F. Supp. 2d 922, 930 (D. N.M. 1999)(citing cases). See also Jianjun Fu v. Reno, 2000 WL 1644490 (N.D. Tex.)(INS delay in processing applications for permanent resident status subject to judicial review under the APA); Zemin Hu v. Reno, 2000 WL 425174 (N.D. Tex.); Sze v. INS,

7

1997 WL 446236 (N.D. Cal.)(APA provided district court with jurisdiction over claim that INS was unreasonably delaying processing applications for naturalization). We have looked at whether our review is limited by any other statutory provision and conclude that it is not. See Jianjun Fu, supra.

In the instant case, the Petitioner is not seeking, as the agency says, a declaration of naturalization.[2] Nor is he seeking review of a denial of a naturalization application. Instead, he is seeking an order requiring the INS to administer the oath of allegiance, the next step after the grant of a naturalization application. Assuming the truth of the Petitioner's assertion that his application was granted, he is therefore seeking to have the INS perform a nondiscretionary function, a request within our authority to grant under the APA. We therefore have jurisdiction to entertain his claim.

Having established jurisdiction, however, we conclude that the claim does not merit relief. As the INS points out, even if a naturalization application is granted, the agency can revoke its approval if it receives derogatory information about an alien after an application has been granted, and who has not yet taken the oath of allegiance. 8 C.F.R. § 335.5. In doing so, it can also "remove the applicant's name from any list of granted

---

[2]Hence, the INS's citation of 8 U.S.C. § 1252(b)(5)(C) is irrelevant since that provision only deals with claims of nationality.

applications or of applicants scheduled for administration of the oath of allegiance, until such time as the matter can be resolved." Id. Wilson's commission of an aggravated felony (resulting in an order or removal) would certainly qualify as derogatory information justifying reopening his case and denying him administration of the oath. It follows that we cannot order the INS to allow Wilson to take the oath because its failure in that regard could not be considered "agency action unlawfully withheld" under section 706(1).

It is immaterial, as the Petitioner points out, that he had not yet been indicted at the time his application had been supposedly granted. We can only deal with the present circumstances, and they do not require us to grant the requested relief.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date: March 2, 2001

9

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

GLADWIN WILSON,
      Petitioner

vs.                                  CIVIL ACTION NO. 1:CV-00-0723

IMMIGRATION AND NATURALIZATION
SERVICE,
      Respondent

**FILED**
**HARRISBURG, PA**

**MAR 0 2 2001**

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

O R D E R

AND NOW, this 2nd day of March, 2001, it is ordered that, upon consideration of the petitioner's complaint for declaratory relief pursuant to 28 U.S.C. § 2201, treated as a complaint under the Administrative Procedure Act, it is ordered that:

    1. The Clerk of Court shall enter judgment in favor of the Respondent and against the Petitioner and close this file.

    2. Any appeal from this order would not be in good faith.

                                             */s/ William W. Caldwell*
                                             William W. Caldwell
                                             United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 2, 2001

Re: 1:00-cv-00723    Wilson v. INS

True and correct copies of the attached were mailed by the clerk to the following:

   Gladwin Wilson
   CTY-SNY
   Snyder County Jail
   600 Old Colony Rd.
   Selinsgrove, PA  17870-8610

   Mary Catherine Frye, Esq.
   U.S. Attorney's Office
   Room 217 Federal Building
   228 Walnut St.
   Harrisburg, PA  17108

```
cc:
Judge                        (✓)           (✓) Pro Se Law Clerk
Magistrate Judge             ( )           ( ) INS
U.S. Marshal                 ( )           ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (✓)
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                  to: US Atty Gen   ( )    PA Atty Gen   ( )
                                      DA of County  ( )    Respondents   ( )
Bankruptcy Court             ( )
Other_____   ( )
```

                                        MARY E. D'ANDREA, Clerk

DATE: 3/2/01                                      BY: /s/
                                                      Deputy Clerk